IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RYAN ANDREW LUMLEY                                                                                       PLAINTIFF

v.                                        Civil No. 5:24-CV-05254-CDC

SHERIFF JAY CANTRELL;                                                                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Ryan Lumley initiated the above-captioned pro se civil rights action pursuant to 42 U.S.C. § 1983 generally alleging that he was subjected to unconstitutional conditions of confinement while detained at the Washington County Detention Center ("WCDC"). (ECF No. 6). Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). (ECF No. 3). All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings and for entry of final judgment in this matter. (ECF No. 7). This matter is currently before the Court on Plaintiff's failure to comply with Court orders and failure to update the Court with his current address.

## BACKGROUND

Because Plaintiff was a prisoner when he initiated this action and his claims concern the conditions of his confinement, his original complaint was subject to preservice review pursuant to 28 U.S.C. § 1915A(a). Upon that review, this Court concluded that Plaintiff's complaint contained unrelated claims and ordered that those claims be severed from this action, a new action be opened with respect to the newly severed claims, and that Plaintiff file an amended complaint in this action only asserting the remaining claims against Defendant Sheriff Jay Cantrell. (ECF No. 3). The amended complaint was due by December 31, 2024. *Id.* This Court also granted Plaintiff's application to proceed IFP. (ECF No. 3). In that Order, this Court directed Plaintiff to file a notice of change of address within 30 days of any such change, failing which this matter would be subject

to dismissal. *Id.* This Order was not returned as undeliverable.

Plaintiff submitted an Amended Complaint as directed. Upon preservice review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A(a), this Court ordered that the Amended Complaint be served on Defendant Cantrell. (ECF No. 8). After Defendant Cantrell filed his Answer to the Amended Complaint, this Court ordered that he either file a motion for summary judgment on the issue of whether Plaintiff properly exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a) before initiating this matter by April 29, 2025, or promptly file notice that he did not intend to pursue failure to exhaust as an affirmative defense at trial. (ECF No. 12). On April 29, 2025, Defendant Cantrell filed notice saying he did not intend to pursue failure to exhaust as an affirmative defense at trial. (ECF No. 16). This Court then entered an initial scheduling order governing discovery and ordered that any motion for summary judgment on the merits be filed by September 26, 2025. (ECF No. 17).

On June 11, 2025, the Court received notice that Defendant Cantrell had served his initial discovery disclosures on Plaintiff. (ECF No. 21). On July 28, 2025, Plaintiff filed a notice of change of address, indicating that he had been transferred to the Winn Correctional Center in Winnfield, Louisiana. (ECF No. 22). Defendant Cantrell subsequently filed a Motion to Compel, including a memorandum and five exhibits in support. (ECF No. 23-24). Later, Defendant Cantrell filed a motion to stay the scheduling order. (ECF No. 25). That motion was granted. (ECF No. 26). After Plaintiff did not respond to the Motion to Compel within the timeframe provided under the Local Rules, this Court considered Defendant's Motion to Compel, granting it in part, and denying it in part. (ECF No. 27). On September 2, 2025, this Order was returned as undeliverable, with the note "released, unknown" and "return to sender, not deliverable as addressed, unable to forward." (ECF No. 28). More than 30 days have now elapsed since

Plaintiff's mail was returned undeliverable and Plaintiff has not provided any updated contact information. Indeed, Plaintiff has not contacted or communicated with the Court in any way since he provided his change of address over two months ago. *See* (ECF No. 22).

## DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Further, pursuant to Federal Rule of Civil Procedure 41(b), the district court has discretion to dismiss an action for "failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order." *See* Fed. R. Civ. P. 41(b); *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam).

Here, more than 30 days have elapsed since Plaintiff's mail was returned as undeliverable and Plaintiff has failed to update the Court with his current address. Further, in the Order granting Plaintiff's IFP application, this Court advised Plaintiff that failure to provide the Court with his updated contact information within 30 days of any such change would result in dismissal of this action. (ECF No. 3). This Order was not returned as undeliverable. Plaintiff, therefore, has failed to comply with court orders and has failed to prosecute this action. Accordingly, this case is subject to dismissal.

**ORDER**

Thus, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds Plaintiff's Amended Complaint (ECF No. 6) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 6th day of October 2025.

*/s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

4